UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. AGUILAR, | : | |
| Plaintiff | : | No. 1:14-CV-02163 |
| vs. | : | (Judge Kane) |
| WARDEN J. MOTTER, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### Background

On November 12, 2014, David J. Aguilar filed a complaint against the following individuals employed at the Clinton County Prison: (1) Jacqueline Motter, Warden; (2) Wayne Bechdel, Deputy Warden; (3) Debra Shaffer, kitchen supervisor; and (4) Susan Watt, correctional officer. (Doc. 1) In the complaint Aguilar claimed that he was a federal pretrial detainee in the custody of the United States Marshal but housed at Clinton County Prison and that the named defendants violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution. Id. Specifically, he claims that the defendants failed to provide him with a kosher diet,[1] confiscated and destroyed personal property, and retaliated against him for asserting his rights under the First Amendment by placing him in administrative segregation.

---

1. In the complaint Aguilar claims that he is a "Seventh Day Adventist" and that he only eats "Kosher Meals" and that the defendants failed to provide him with kosher meals because he was "not a Jew." (Doc. 1, at 5)

Aguilar requests declaratory and injunctive relief as well as compensatory damages. Id. As a jurisdictional basis for bringing the action Aguilar references 28 U.S.C. 1331,[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,[3] 403 U.S. 388 (1971), and 28 U.S.C. § 1343(a)(3)[4].

On January 2, 2015, the defendants returned a waiver of service (Doc. 16) and on January 22, 2015, filed a motion to dismiss the complaint (Doc. 20) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Before the defendants filed a brief in support, Aguilar filed on January 29, 2015, a brief in opposition. (Doc. 21) On February 4,

---

2. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

3. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978). The defendants are not federal officials but employees of a county correctional facility of the state of Pennyslvania. However, by housing Aguilar they were acting in conjunction with federal officials. Although Aguilar does not cite 42 U.S.C. § 1983 as a jurisdictional basis the court is to construe pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972).

4. 28 U.S.C. § 1342(a)(3) states in relevant part as follows: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right . . . secured by the Constitution of the United States . . . for equal rights of citizens or of all persons within the jurisdiction of the United States."

2

2015, defendants filed a brief in support (Doc. 22) and then on February 12, 2015, Aguilar filed a document entitled "Plaintiff's Opposition to Defendants' Motion to Dismiss Continuation Memorandum." (Doc. 25). Subsequently, Aguilar inappropriately filed on March 5, 2015, discovery documents (Docs. 29, 30, 31 & 32) with the court.[5]

On March 16, 2015, Aguilar filed a notice of change of address (Doc. 33) in which he stated that he was transferred to Columbia County Prison on March 10, 2015.

On April 3, 2015, Aguilar filed a motion to compel discovery (Doc. 34) which was denied by the court on August 28, 2015. (Doc. 39). The order denying the motion to compel (Doc. 39) was mailed to Aguilar's last known address, Columbia County Prison. On September 14, 2015, that order was returned to the court by the United States Postal Service with the following notation on the envelope in which the order was sent: "Return To Sender Not Deliverable As Addressed Unable To Forward." (Doc. 40).

---

5. Aguilar filed a request for production of documents and three sets of interrogatories. Local Rule 5.4(b) provides that "[i]nterrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of court." The only time discovery items should be filed with the court is when a motion to compel discovery has been filed or an appeal taken in a discovery matter and then only the relevant and necessary discovery items should be filed along with the motion. See Local Rule 5.4(c) and (d.)

**Discussion**

On November 12, 2014, a Pro Se Letter was issued to Aguilar which advised him that he had "an affirmative obligation to keep the court informed of his [] current address" and if he had a change of "address while the lawsuit is being litigated" he was to "immediately inform the court of the change in writing." (Doc. 4) Also, on November 12, 2014, a Standing Practice Order was issued which advised Aguilar in pertinent part as follows: "If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit." (Doc. 5) The Standing Practice Order further required that "all parties shall follow the requirements of these rules or suffer the consequences of their failure to do such, including possible dismissal of their action." Id.

The last time Aguilar contacted the court was on March 16, 2015, when he notifed the court that he was transferred to Columbia County Prison. An online Columbia County Prison inmate search revealed that Aguilar (David Aguilar-Jovel, age 38) has been released from Columbia County Prison. No forwarding address was provided by Aguilar. Consequently, the court concludes that Aguilar has abandoned this lawsuit and will dismiss the case for failure to prosecute and abide by a court order.